# Court of Appeals
# of the State of Georgia

ATLANTA,  July 17, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2133. THURMAN CARL COLEMAN v. THE STATE.

In 2022, after a jury trial, Thurman Carl Coleman was convicted of aggravated sexual battery, aggravated child molestation, and other crimes, and sentenced to life imprisonment. In 2025, proceeding pro se, Coleman filed a "Motion . . . for a Determination of Representation," requesting that he be appointed an attorney "for his first stage of his appellate rights" and that the trial court determine why his previous counsel did not preserve his right to file a motion for new trial. The trial court denied Coleman's motion. Coleman then filed this direct appeal.[1] This Court, however, lacks jurisdiction.

Because Coleman was convicted in 2022, he is now well outside the time in which to seek an appeal. See OCGA § 5-6-38(a) (notice of appeal must be filed within 30 days). By seeking to exercise his appellate rights at this point, Coleman is, in substance, seeking an out-of-time appeal. See *State v. Bell*, 274 Ga. 719, 719(1) (559 SE2d 477) (2002) (when a court considers pleadings, substance controls over nomenclature).

In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), our Supreme Court determined that a trial court lacks authority to grant an out-of-time appeal and that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which allows a defendant to seek out-of-time

---

[1] Coleman directed his notice of appeal to the Supreme Court, which transferred the case to this Court. See Case No. S26A1131 (May 5, 2026).

relief if the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, OCGA § 5-6-39.1(a)(1), or if the defendant had an out-of-time motion or appeal dismissed under *Cook*. OCGA § 5-6-39.1(b). Here, OCGA § 5-6-39.1 has no application as Coleman neither filed his motion for leave to file an out-of-time appeal within 100 days from the expiration of the time period for filing an appeal nor had a prior motion or appeal dismissed under *Cook*. As Coleman has no right to an out-of-time appeal, this Court lacks jurisdiction to consider his appeal, which is hereby DISMISSED.[2]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __07/17/2026__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] If Coleman believes that he was unconstitutionally deprived of his right to file a motion for new trial or to appeal, he may be able to pursue relief by way of a petition for writ of habeas corpus. See OCGA § 9-14-41 et seq.